UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:17-CR-245-3 |
| | § | |
| SILVIA BEATRIZ PEREZ-CEBALLOS | § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

Pending is Defendant Silvia Beatriz Perez-Ceballos' Motion for De Novo Review and to Vacate Magistrate (Judge's) Detention Order. (D.E. 40). United States District Judge Nelva Gonzales Ramos referred the motion to the undersigned Magistrate Judge. The undersigned construes defendant's motion as one for reconsideration of the order of detention, and, for the reasons set forth below, **DENIES** defendant's motion for reconsideration.[1]

On April 26, 2017, Ms. Perez-Ceballos was indicted in the Corpus Christi Division of the Southern District of Texas in a two count indictment with conspiracy to commit money laundering and conspiracy to commit bank fraud. Ms. Perez-Ceballos was arrested in the Houston Division on May 25, 2017. A detention hearing was held before United States Magistrate Judge Frances H. Stacy in Houston, Texas on June 1, 2017. At the detention hearing the Government presented the testimony of DEA Special Agent Patricia Ebright Trevino. The defense presented the testimony of immigration

---

[1] Defendant may seek review of this order to the District Judge pursuant to 18 U.S.C. § 3145.

1 / 3

attorney Lawrence Rushton. Judge Stacy ordered Ms. Perez-Ceballos detained and entered a detailed written order of detention. (D.E. 20). On June 28, 2017, counsel for defendant filed the instant motion seeking the release of Ms. Perez-Ceballos on conditions of release. The matter was referred to the undersigned magistrate judge and a hearing was held on June 29, 2017 at which Ms. Perez-Ceballos, defense counsel and counsel for the Government appeared in person.

The defendant's motion sets forth counsel's arguments why Ms. Perez-Ceballos should be released on bond. Central to those arguments is Judge Stacy's written decision relies on a factual inaccuracy. Judge Stacy's detention order states the defendant "has a Singapore bank account and property holdings and a trust account in New Zealand with a total cash value of $50 million." During the hearing before the undersigned the Government conceded the testimony at the detention hearing was that the conspiracy involved transactions totaling more than $50 million, not that Ms. Perez-Ceballos has $50 million at her dispossal. *See detention hearing transcript*, D.E. 27, p. 16. Additionally, counsel for Ms. Perez-Ceballos disputes Judge Stacy's characterization of the strength of the evidence against the defendant.

The undersigned has considered the defendants' motion, attachments, arguments and matters presented at the hearing before the undersigned. Additionally, the undersigned has read the transcript of the detention hearing (D.E. 27) and has considered the testimony and arguments of counsel in those proceedings. The undersigned finds that detention of the defendant pending trial in this case is necessary because there is a serious risk that the defendant will not appear. The undersigned accepts the parties' correction of

the evidence as set forth above. Further, the evidence meets the probable cause standard, and while in dispute, the weight of the evidence against the defendant is substantial. Judge Stacy's written order (D.E. 20) sets forth the reasons why detention is necessary and the undersigned agrees with and adopts those findings herein. The defendant has a history of conducting financial transactions involving millions of dollars. The extent of the assets she may currently have access to is still being investigated. The defendant is not a citizen of the United States and her visa to remain in the United States has been revoked. The defendant does not want to return to Mexico for the reasons set forth in her application for asylum. (D.E. 40). However, if convicted she faces deportation. The defendant is a serious risk of flight.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 29th day of June, 2017.

Jason B. Libby
United States Magistrate Judge